UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-20819

KATHRYN KUSHAVA,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

**COMPLAINT FOR DAMAGES**
**AND DEMAND FOR TRIAL BY JURY**

Plaintiff, KATHRYN KUSHAVA ("Plaintiff"), through undersigned counsel, sues Defendant,

CARNIVAL CORPORATION ("Defendant"), and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

1.    Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and

attorney's fees.

2.    This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as

the causes of action asserted are maritime torts.

3.    This Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in

controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between

citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

4.    Suit is filed in Federal Court because of the federal forum selection clause in the

Passenger Contract Ticket issued by the Defendant.

5.    Plaintiff is *sui juris* and is a resident and citizen of Wisconsin.

6.    Defendant is a foreign corporation who is authorized to conduct and who does

conduct business in the State of Florida, who at all times material hereto was and is doing business

in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

7.     Defendant is a citizen of the State of Florida.

8.     Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

     a.     Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

     b.     Had an office or agency in this state and/or county; and/or

     c.     Engaged in substantial activity within this state; and/or

     d.     Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

9.     All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS

10.     At all times material hereto, Defendant, CARNIVAL, owned, operated, managed, maintained, and/or controlled the vessel, the Carnival *Victory.*

11.     On or about September 27, 2019 Plaintiff was a lawfully fare paying passenger aboard Defendant's cruise ship vessel, the Carnival *Victory.*

12.     On or about September 27, 2019, as Plaintiff traversed the Lido deck of the Carnival *Victory* in a normal and proper manner, she lost her footing on a wet and/or slippery surface that was not objectively perceivable.  As a result of the fall, the Plaintiff suffered traumatic injuries that included, but are not limited to, a fractured foot which may require surgery.

## COUNT I – NEGLIGENCE

Plaintiff incorporates by reference and re-alleges as though originally alleged herein the allegations of paragraphs 1 through 12 and further alleges:

13.  Defendant, CARNIVAL, owed Plaintiff the duty to exercise reasonable care under the circumstances for the safety of its passengers.

14.  Such duties include, but are not limited to, the duty to provide its passengers reasonable care to inspect for, and resolve or repair dangerous, hazardous, and/or risk- creating conditions that passengers, including the Plaintiff, will likely encounter.

15.  Such duties also include, but are not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers

16.  Such duties also include, but are not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

17.  At all times material hereto, Defendant, through its vessel, crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

    a.  Failing to keep and maintain the decks, walkways and adjacent areas, in a reasonably safe condition, so as to help prevent hazards to its passengers; and/or

    b.  Failing to inspect, clean, keep and maintain the subject area in a reasonably safe condition; and/or;

    c.  Failing to take proper precautions for the safety of the passengers entering the subject area; and/or

d. Failing to warn Plaintiff of the risk-creating and/or hazardous conditions of its decks, walkways, and the adjacent areas; and/or

e. Failing to have adequate policies and procedures in place for inspection, cleaning and maintenance of its decks, walkways, and the adjacent areas; and/or

f. Creating a risk-creating condition and/or failing to remedy a risk-creating condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant; and/or

g. Negligently designing the *Victory*'s decks, walkways, entryways and floor plans as it relates to the deck's slip-resistance or propensity to cause the accumulation of slippery substances/liquids in the walking path of passengers who are required by Defendant to use these walkways in order to get to other parts of the ship; and/or

h. Failing to adequately train its crew to keep its decks, walkways, and the adjacent areas clean and free of hazards; and/or

i. Failing to employ sufficient crewmembers or adequately trained crewmembers to properly inspect, repair, clean, and maintain the area of the ship where Plaintiff's incident occurred relating to the slippery nature of the deck, and/or

j. Failing to treat its decks, walkways and adjacent areas to prevent them from becoming unreasonable slippery, sticky or otherwise unreasonably dangerous; and/or

k. Failing to comply with applicable industry standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence; and/or

l.   Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

m.   Failing to properly and safely instruct passengers traversing the subject area of the risks involved with the use of decks when a known danger is present; and/or

n.   Failing to properly and adequately supervise the passengers traversing the subject area when a known danger is present; and/or

o.   Failing to take proper precautions for the safety of passengers when encouraging passengers to traverse the subject area when a known danger is present; and/or

p.   Failing to promulgate and/or enforce rules, restrictions, or procedures to ensure the safety of passengers traversing the subject area when a known danger is present; and/or

q.   Failing to promulgate and/or enforce rules or procedures to ensure that crew members are adequately supervising the subject area when a known danger is present; and/or

r.   Failing to engage proper and reasonable safeguards to prevent passengers from being injured while traversing the subject area; and/or

s.   Failing to warn passengers of the dangers of traversing wet or slippery floors; and/or

t.   Failing to adequately train its employees/agents whose duty it was to warn passengers traversing the subject area of the inherent and unreasonable dangers and risks associated with the use of the subject area; and/or

u.  Failing to adequately convey to passengers the risk of serious injury from traversing the slippery area; and/or

v.  Failure to adequately inspect and/or maintain the subject area, so as to ensure that the subject area was reasonably safe for passengers to use; and/or

w.  Failing to promulgate and/or enforce adequate policies and/or procedures regarding the inspection and/or maintenance to identify and/or warn passengers of the risk-creating condition in the subject area; and/or

x.  Failing to control the number of guests in the subject area; and/or

y.  Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery;

18.  Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for the Defendant's negligence, Plaintiff's injuries would not have occurred.

19.  Defendant either (a) had actual knowledge of the risk-creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk-creating conditions had the Defendant implemented proper methods of inspection; and/or (d) created the risk-creating conditions.

20.  As a result of Defendant's negligence, Plaintiff suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages and loss of future earning capacity.

21.  The losses are either permanent or continuing in nature.

22.  Plaintiff has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, KATHRYN KUSHAVA, demands judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of future earning capacity, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, KATHRYN KUSHAVA, demands trial by jury on all issues so triable.

**Dated:** February 25, 2020.

Respectfully submitted,

*/s/ Spencer M. Aronfeld*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Abby H. Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
**Matthias M. Hayashi**
Florida Bar No.: 115973
mhayashi@aronfeld.com
**ARONFELD TRIAL LAWYERS**
One Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:      (305) 441.0440
F:      (305) 441.0198
*Attorneys for Plaintiff*